UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
AVNER MALOUL and ALLEN LOWY,              :
:
              Plaintiffs,                 :
:
        -against-                     :        07 Civ. 8525 (LBS)
:
IVAN BERKOWITZ, GREAT COURT               :
CAPITAL, LLC, SD PARTNERS, LLC,           :
UTIX GROUP, INC., VSUS TECHNOLOGIES,      :
INC., and SUNSET BRANDS, INC.             :
:
              Defendants.                :
------------------------------------------------------------x


## PLAINTIFFS' MEMORANDUM OF LAW IN
## OPPOSITION TO MOTION TO DISMISS COMPLAINT


Eric B. Fisher, Esq.
MORGENSTERN JACOBS & BLUE, LLC
885 Third Avenue
New York, New York 10022
Telephone: 212.750.6776
Facsimile: 646.349.2816

*Attorneys for Plaintiffs*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

THE ALLEGATIONS IN THE COMPLAINT................................................................ 2

ARGUMENT........................................................................................................................ 4

THE MOTION TO DISMISS SHOULD BE DENIED ................................................... 4

   A.   PLAINTIFFS HAVE STATED A CLAIM FOR FRAUD...................................... 5

   B.   THE FRAUD CLAIM SATISIFES RULE 9(b).................................................. 12

   C.   THE RESCISSION CLAIM SHOULD NOT BE DISMISSED .......................... 13

CONCLUSION................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .......................................................... 5

*Bowman v. Hartig*, 334 F. Supp. 1323 (S.D.N.Y. 1971) ................................................. 10

*Brown v. E.F. Hutton*, 991 F.2d 1020 (2d Cir. 1993) ...................................................... 11

*Credit and Finance Corp. Ltd. v. Warner & Swasey Co.*, 638 F.2d 563
(2d Cir. 1981) ................................................................................................................ 12

*Crigger v. Fahnestock & Co., Inc.*, 01 Civ. 0781 (JFK), 2003 U.S. Dist. LEXIS 16438
(S.D.N.Y. Sept. 18, 2003) ........................................................................................ 6, 8

*Curran, Cooney, Penney, Inc. v. Young & Koomans, Inc.*, 183 A.D.2d 742
(2d Dept. 1992) ........................................................................................................... 11

*Danann Realty Corp. v. Harris*, 5 N.Y.2d 317 (1959) ...................................................... 11

*Diller v. Schick*, 96 Civ. 4140 (AGS), 1998 U.S. Dist. LEXIS 14463
(S.D.N.Y. Sept. 15, 1998) ............................................................................................ 8

*DiVittorio v. Equidyne*, 822 F.2d 1242 (2d Cir. 1987) ..................................................... 12

*EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265
(S.D.N.Y. 2004) ....................................................................................................... 6, 7

*First Fed. Savings & Loan v. Oppenheim, Appel, Dixon & Co.*, 634 F. Supp. 1341
(S.D.N.Y. 1986) ........................................................................................................... 12

*Glidepath Holding B.V. v. Spherion Corp.*, 04 Civ. 9758 (KMK), 2007 U.S. Dist.
LEXIS 54889 (S.D.N.Y. July 26, 2007) .................................................................... 5, 6

*Gordon v. Burr*, 506 F.2d 1080 (2d Cir. 1974) .................................................................. 13

*Howard v. Galesi*, 83 Civ. 9078 (SWK), 1987 U.S. Dist. LEXIS 9117
(S.D.N.Y. Oct. 6, 1987) ............................................................................................. 12

*In re Keyspan Corp. Sec. Litig.*, 01 Civ. 5852 (ARR), 2003 U.S. Dist. LEXIS 26173
(E.D.N.Y. July 30, 2003) ............................................................................................ 7

*Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413 (1996) ....................................... 6

<mark>

*Meyers v. Brooks Weinger Robbins & Leeds, Inc.*, 88 Civ. 2844 (CSH), 1992 U.S. Dist. LEXIS 7031 (S.D.N.Y. May 26, 1992) .................................................................. 10

*Mirman v. Berk & Michaels, P.C.*, 91 Civ. 8606 (JFK), 1994 U.S. Dist. LEXIS 10771 (S.D.N.Y. Aug. 3, 1994) ............................................................................................ 8

*Pinter v. Dahl*, 486 U.S. 622 (1988) ................................................................................. 13

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) .............................................................. 5

*Ross v. A.H. Robbins*, 607 F.2d 545 (2d Cir. 1979, cert. denied 446 U.S. 946 (1980)..... 12

*Rotstein v. Reynolds & Co.*, 359 F. Supp. 113 (N.D. Ill. 1973) ........................................ 9

*Serbalik v. General Motors Corp.*, 246 A.D.2d 724 (3d Dept. 1998) ............................ 10

*Stuart Silver Associates v. Baco Dev. Corp.*, 245 A.D.2d 96 (1st Dept. 1997) ............... 11

*Sykes v. James*, 13 F.3d 515 (2d Cir. 1993) ..................................................................... 2

*UST Private Equity Investors Fund, Inc. v. Salomon Smith Barney*, 288 A.D.2d 87 (1st Dept. 2001) ............................................................................................................ 11

*World Series of Casino Gambling, Inc. v. King*, No. 85 Civ. 1239 (WCC), 1986 U.S. Dist. LEXIS 18521 (S.D.N.Y. Oct. 30, 1986) ............................................................. 8

*Zerman v. Ball*, 735 F.2d 15 (2d Cir. 1984) ..................................................................... 9

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 4, 5

Fed. R. Civ. P. 9(b) ....................................................................................................... 5, 12

</mark>

Plaintiffs Avner Maloul and Allen Lowy ("Plaintiffs"), by their attorneys Morgenstern Jacobs & Blue, LLC, respectfully submit this memorandum of law in opposition to the motion to dismiss filed by Defendants Ivan Berkowitz ("Berkowitz"), Great Court Capital, LLC ("Great Court Capital") and SD Partners, LLC ("SD Partners") (collectively, the "Berkowitz Defendants"). For the reasons set forth herein, the motion should be denied in its entirety.

## PRELIMINARY STATEMENT

This is a simple fraud case that arises out of a series of lies that Ivan Berkowitz told Plaintiffs in order to persuade them to invest approximately $725,000 in three different companies. Among other misrepresentations, Berkowitz told Plaintiffs that their investments were protected by personal guaranties, that the principal amount of their investments was secure, and that he was "co-investing" according to the same terms and conditions that applied to Plaintiffs' investments. Each of these statements was false. Plaintiffs had a long-standing relationship of trust with Berkowitz and thus reasonably relied on his affirmative representations to them.

Perhaps most egregiously, Berkowitz pretended that he was acting as a friend to Plaintiffs and never disclosed that, in fact, he was receiving fees from the issuer companies in exchange for soliciting Plaintiffs' investments and acting as a securities broker. Berkowitz was not a registered broker-dealer. Thus, in addition to the fact that he failed to disclose that he was collecting fees from the issuer companies, his conduct also ran afoul of Section 15(a)(1) of the Securities Exchange Act of 1934, which prohibits unregistered persons from acting as securities brokers. These omissions are plainly actionable. Had Berkowitz disclosed that his conduct violated the securities laws

1

and that he was being paid to solicit Plaintiffs' investments, Plaintiffs would not have invested money through the Berkowitz Defendants.

In an effort to seek redress for losses suffered as a result of Berkowitz's wrongful conduct, Plaintiffs assert two claims against the Berkowitz Defendants – one for rescission pursuant to Section 29(b) of the Securities Exchange Act of 1934 (the "1934 Act") and the other for common law fraud. This memorandum of law is submitted in opposition to the Berkowitz Defendants' motion to dismiss both of those claims. As explained below, the motion to dismiss should be denied in its entirety because Plaintiffs' complaint states actionable claims against the Berkowitz Defendants.

## THE ALLEGATIONS IN THE COMPLAINT

This action concerns a series of four investments made by Plaintiffs in November 2003, May 2004, October 2004 and April 2005 (the "Investments"). Complaint dated September 25, 2007 ("Complaint") ¶ 18.[1] The total principal amount of Plaintiffs' Investments is $725,000. *Id.* ¶ 19. With respect to each of the Investments, Plaintiffs decided to commit funds solely based on representations made by Berkowitz, who was acting individually and on behalf of Great Court Capital and SD Partners. *Id.* ¶ 20.[2] Plaintiffs trusted Berkowitz because Berkowitz and Plaintiff Allen Lowy have known each other since the early 1980s, and Lowy had previously invested money in reliance on Berkowitz's representations. *Id.* ¶ 16.

---

[1] For purposes of this motion, the Court should assume the truth of the allegations in the Complaint. *See, e.g., Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

[2] Berkowitz is a principal of both Great Court Capital and SD Partners. See Memorandum of Law in Support of Motion to Dismiss dated November 21, 2007 ("Def. Mem.") at 2.

2

As it turned out, many of Berkowitz's statements about the Investments were materially false, and Berkowitz knew the statements to be false at the time that he made them. Berkowitz also knew that Plaintiffs were relying exclusively on information supplied by him in connection with their decision to commit funds to the Investments. *Id.* ¶ 65. In each instance, Berkowitz pressured Plaintiffs to commit their funds to the Investments quickly, in order to minimize the chance that they would learn the true facts about the Investments. *Id.* ¶ 33. Were it not for Berkowitz's false statements, Plaintiffs would not have invested $725,000 in the Investments. *Id.* ¶ 67. The Investments are now essentially worthless, and thus Plaintiffs have been damaged in an amount in excess of $725,000. *Id.* ¶ 68.

Although Berkowitz purported to act as a "friend," who was allowing Plaintiffs in on lucrative investment opportunities, in fact, the Investments were part of a fraudulent scheme by Berkowitz. Accordingly, with regard to each of the Investments at issue, Berkowitz's conduct followed a consistent pattern and his misrepresentations about each of the Investments were substantially similar.

For example, in connection with each of the Investments, shortly before Plaintiffs committed funds, Berkowitz made the following false statements:

- Berkowitz told Plaintiffs that their investments were subject to personal guaranties by the officers of the companies that issued the securities, *id.* ¶ 22;
- Berkowitz told Plaintiffs that he was co-investing with them according to the same terms and conditions applicable to the Plaintiffs' investments; and that, by allowing Plaintiffs to participate in this investment, Berkowitz was reducing the amount of his own investment in order to make room for Plaintiffs, *id.* ¶ 29;

3

- Berkowitz told Plaintiffs that the principal amount of their Investments was secure and would be returned to them upon the Investments' maturation, *id.* ¶ 23;

- Berkowitz made numerous statements intended to lull Plaintiffs into believing that these Investments were safer than they actually were, including describing the Investments as a "low risk opportunity," *id.* ¶ 21, as a "secure" investment, *id.* ¶ 23, and as "fail safe," *id.* ¶ 31.

As alleged in the Complaint, Berkowitz was the speaker who made each of the above statements, he knew that each of the above statements was not true at the time that it was made, and he also knew that Plaintiffs were relying on these statements in connection with their decision to participate in the Investments. *Id.* ¶¶ 64-67.

In addition to the affirmative misrepresentations specified above, Berkowitz also knowingly failed to disclose material information to the Plaintiffs. In particular, Berkowitz failed to disclose that the companies issuing the securities (the "Issuer Defendants") were paying the Berkowitz Defendants fees to act as securities brokers and raise capital for the Issuer Defendants. *Id.* ¶ 24. This conduct violated Section 15(b) of the 1934 Act because the Berkowitz Defendants were not registered securities brokers, and thus could not legally collect fees for soliciting Plaintiffs' Investments. The Berkowitz Defendants failed to disclose to Plaintiffs that the Berkowitz Defendants were acting as unregistered brokers in violation of the 1934 Act. *Id.* ¶ 61.

## ARGUMENT

## THE MOTION TO DISMISS SHOULD BE DENIED

As recently clarified by the Supreme Court, to survive a motion under Fed. R. Civ. P. 12(b)(6), Plaintiffs must "allege enough facts to state a claim to relief that is

4

plausible on its face." *Glidepath Holding B.V. v. Spherion Corp.*, 04 Civ. 9758 (KMK), 2007 U.S. Dist. LEXIS 54889 at *26 (S.D.N.Y. July 26, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In *Glidepath Holding*, the district court applied the *Twombly* pleading standard, ruling that certain of plaintiff's fraud allegations survived defendant's motion to dismiss. In this case, as explained below, Plaintiffs' allegations are plainly sufficient to state a claim for relief against the Berkowitz Defendants.

In addition to challenging the Complaint under Fed. R. Civ. P. 12(b)(6), the Berkowitz Defendants also move for dismissal pursuant to Fed. R. Civ. P. 9(b), which requires that the "circumstances constituting fraud...shall be stated with particularity." More precisely, the Second Circuit interprets Rule 9(b) to require that a complaint "must identify the allegedly fraudulent statements, identify the speaker, state when the statements [were] made, and explain why the statements are supposedly fraudulent." *Id.* at 37 (citing *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004)). Despite the particularity requirement, Rule 9(b) "must still be read in light of the liberal pleading requirement of Rule 8, which only requires a 'short and plain statement' of the claim." *Id.* at 30 (citations omitted). As explained below, Plaintiffs have satisfied the requirements of Rule 9(b), identifying the substance of the fraudulent statements, the speaker, and approximately when those statements were made.

### A. PLAINTIFFS HAVE STATED A CLAIM FOR FRAUD

In "an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury."

*EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 275 (S.D.N.Y. 2004) (quoting the New York Court of Appeals decision in *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421 (1996)). In this case, as is clear from the summary of the allegations in the Complaint set forth in the preceding section of this memorandum, each of these elements has been satisfactorily pled. The Complaint alleges that the Berkowitz Defendants made affirmative misrepresentations of fact about the Investments and also failed to disclose material information; those false statements and omissions were made by the Berkowitz Defendants for the purpose of inducing Plaintiffs' reliance; Plaintiffs justifiably relied on the Berkowitz Defendants' misrepresentations and omissions; and Plaintiffs have been injured as a result of their reliance on the fraudulent statements.

In support of their motion, the Berkowitz Defendants contend that the misrepresentations identified in the Complaint are not actionable because they are "mere puffing." *See generally* Def. Mem. at 8-12. Stated otherwise, the Berkowitz Defendants contend that Plaintiffs' reliance on his false statements was unreasonable as a matter of law. This argument lacks merit.

As an initial matter, the claim that Plaintiffs' reliance was unreasonable as a matter of law requires a "fact-specific inquiry" and is "generally considered inappropriate for determination on a motion to dismiss." *Glidepath Holding*, 2007 U.S. Dist. LEXIS 54889 at *54 (quotations omitted). *See also Crigger v. Fahnestock & Co., Inc.*, 01 Civ. 0781 (JFK), 2003 U.S. Dist. LEXIS 16438 at *24 (S.D.N.Y. Sept. 18, 2003) ("Whether plaintiffs engaged in enough due diligence…is a question of fact for a jury to decide."). Discovery will demonstrate the sufficiency of Plaintiffs' inquiries concerning these

6

Investments. At the motion to dismiss stage of this case, however, it is clear that this Court is not in a position to address the issue of the adequacy of Plaintiffs' due diligence.

Further, while simple "expressions of optimism and other puffery are insufficient" to form the basis of a claim, defendants are "liable for misrepresentations of existing facts." *In re Keyspan Corp. Sec. Litig.*, 01 Civ. 5852 (ARR), 2003 U.S. Dist. LEXIS 26173, at *50 (E.D.N.Y. July 30, 2003) (defendants' optimistic projections were actionable because the projections were offered at a time when the defendants knew facts that were inconsistent with projections); *see also EED Holdings*, 387 F. Supp. 2d at 275 ("the doctrine of non-actionability for puffery does not apply to false representations of material facts which are in their nature calculated to deceive and made with the intent to deceive") (quotations omitted).

In this case, the misrepresentations at issue were false statements of fact – not amorphous "puffery." For example, contrary to Berkowitz's false representations, as a matter of fact the Plaintiffs' investments were not protected by personal guaranties of the Issuer Defendants' officers (Complaint ¶ 22); similarly, Berkowitz did not co-invest according to the same terms and conditions applicable to Plaintiffs' Investments (*id.* ¶ 29). Moreover, Berkowitz's failure to disclose that he was receiving a fee from the Issuer Defendants and that he was acting as an unregistered securities broker in violation of the 1934 Act are also material omissions of fact. *Id.* ¶¶ 24, 61. Finally, in this case, even Berkowitz's more general statements about the Investments – *e.g.*, that the principal amount of each investment was "secure" and that this was a "low risk" opportunity – are actionable because those statements were at odds with what Berkowitz knew to be the

7

truth about these Investments: they were speculative, high-risk investments. *See* Complaint ¶¶ 34, 41, 65.

*Crigger* is an instructive case. In that case, plaintiffs' fraud claim survived defendant's Rule 12(b)(6) and Rule 9(b) motions in circumstances where the defendant was alleged to have "assured [plaintiffs] that they would receive repayment of their principal." *Crigger*, 2003 U.S. Dist. LEXIS 16438 at *25. As the district court explained, if defendant "purposefully misled the plaintiffs into believing their money was safe when he knew otherwise and as a result the plaintiffs lost money, he committed fraud." *Id.* at 26. Similarly, in *Diller v. Schick*, the district court found defendant's "fraudulent promises of risk-free investments" to be actionable. *Diller v. Schick*, 96 Civ. 4140 (AGS), 1998 U.S. Dist. LEXIS 14463 at *2 (S.D.N.Y. Sept. 15, 1998); *see also Mirman v. Berk & Michaels, P.C.*, 91 Civ. 8606 (JFK), 1994 U.S. Dist. LEXIS 10771 at *5, *20 (S.D.N.Y. Aug. 3, 1994) (RICO claim survived challenge under Fed. R. Civ. P. 12(b)(6) and 9(b) where defendant told plaintiffs that tax shelter investments were "safe" and where defendant failed to disclose receipt of commissions in connection with investments). As the above cases conclusively demonstrate, the misrepresentations and omissions alleged in the Complaint in this case are actionable.

Indeed, the Berkowitz Defendants' argument is undermined by the very cases upon which they rely. For example, in *World Series of Casino Gambling, Inc. v. King*, No. 85 Civ. 1239 (WCC), 1986 U.S. Dist. LEXIS 18521 (S.D.N.Y. Oct. 30, 1986), the district court dismissed a fraud claim against boxing promoter Don King. King had unambiguously disclosed that he was under investigation by the United States Attorney for the Southern District of New York, but according to the plaintiff in that case he had

8

failed to disclose that the United States Attorney was considering whether to indict him. The Court dismissed the fraud claim, ruling that King's disclosure was sufficient because any reasonable person would know that the "fact that King was being investigated meant that he could be indicted." *Id.* at *9. According to the Court, King's alleged "omissions amount to little more than quibbling about the words that defendants used in making" their disclosures. *Id.* In this case, in stark contrast, the Berkowitz Defendants failed to disclose any information about the fact that they were functioning as paid brokers for the Issuer Defendants and failed to disclose that they were not registered pursuant to the 1934 Act. Thus, unlike the *King* case, this action does not involve "quibbling" about the wording of the Berkowitz Defendants' disclosure. Rather, this case involves Berkowitz's fundamental omissions and affirmative misrepresentations.

In *Rotstein v. Reynolds & Co.*, 359 F. Supp. 109, 113 (N.D. Ill. 1973), another case relied on by the Berkowitz Defendants, the Court held that a broker's reference to an investment as a "red hot stock" was not actionable, but that other statements about the investment were actionable, including "unfounded representations or predictions of future performance, for which the broker-dealer defendants lacked reliable information." *Id.* In this case, as alleged in the Complaint, the Berkowitz Defendants' statements about the Investments were actionable, untrue statements of fact about the terms of the Investments. This critical distinction between actionable and inactionable statements is further reinforced by other cases relied on by the Berkowitz Defendants. *See Zerman v. Ball*, 735 F.2d 15, 21-22 (2d Cir. 1984) (characterization of investment as "marvelous" was not actionable; however, other statements by broker were actionable because they were representations of "fact, not puff or opinion"); *Bowman v. Hartig*, 334 F. Supp.

1323, 1328 (S.D.N.Y. 1971) (broker's vague statements that investment would yield "substantial profits" not actionable; however, failure to disclose broker's self-interest in the transaction was actionable).[3] Thus, "[w]hile it is true that some general representations by a broker have been held not to be actionable because they are considered standard 'puffing,'...plaintiffs in the case at bar have made specific allegations of misrepresentations which, if proven, could entitle plaintiffs to recover." *Meyers v. Brooks Weinger Robbins & Leeds, Inc.*, 88 Civ. 2844 (CSH), 1992 U.S. Dist. LEXIS 7031, at *11 (S.D.N.Y. May 26, 1992) (denying motion for summary judgment as to fraud claims). Accordingly, in this case, the wrongful conduct alleged in the Complaint constitutes actionable fraud.

The Berkowitz Defendants also fault Plaintiffs for relying exclusively on Berkowitz's oral statements to them, arguing that both "the purported guaranties and Berkowitz's own participation could easily have been verified...merely by requesting and comparing the applicable documentation of their own and Berkowitz's investments." Def. Mem. at 9. This argument has no legal basis. As alleged in the Complaint, Berkowitz intentionally misrepresented to Plaintiffs that the Issuer Defendants' officers had guaranteed the Investments and further misrepresented that Berkowitz believed enough in the Investments to co-invest with the Plaintiffs on equivalent terms. These statements constitute actionable fraud. Plaintiffs were not under any legal obligation to request written proof from Berkowitz that he was indeed co-investing or concerning the

---

[3] Other cases relied on by Defendants are inapposite for other reasons. *See, e.g., Serbalik v. General Motors Corp.*, 246 A.D.2d 724 (3d Dept. 1998) (statements by car salesmen about "great traction" and "nice performance" not actionable).

supposed guaranties. At the time these representations were made, Plaintiffs had no basis to doubt the truth of what Berkowitz was telling them.

Further, the cases relied on by the Berkowitz Defendants in support of this argument are easily distinguished. In *Danann Realty Corp. v. Harris*, 5 N.Y.2d 317 (1959), the Court of Appeals held that a real estate company could not sue for fraud in connection with the sale of real estate where the purchase agreement expressly stated that the buyer was relying on its own inspection of the premises and was not relying on any representation made by the seller. In addition, as Judge Fuld recognized in dissent, the issue in *Danann* was the extent to which a seller could insulate himself against a fraud claim through the use of contractual language to that effect. *See Danann*, 5 N.Y.2d at 602 (Fuld dissenting) ("fraud vitiates every agreement which it touches"). Here, unlike *Danann*, there was no agreement in which Plaintiffs disclaimed reliance on Berkowitz's representations. Quite to the contrary, Berkowitz knew that Plaintiffs were relying exclusively on his statements to them about the Investments and exerted pressure on Plaintiffs to induce them to quickly commit their funds.[4]

---

[4] Defendants also rely on *Stuart Silver Associates v. Baco Dev. Corp.*, 245 A.D.2d 96 (1st Dept. 1997), which similarly involved a real estate transaction. Further, the *Stuart Silver Associates* case was a summary judgment decision, reinforcing the point that the reasonableness of Plaintiffs' reliance on Berkowitz's statements and omissions is not a matter that should properly be resolved on a motion to dismiss. Similarly, *Brown v. E.F. Hutton*, 991 F.2d 1020, 1031-32 (2d Cir. 1993), is easily distinguished as a summary judgment case – not a motion to dismiss case. Moreover, in *Brown*, the plaintiffs had been sent written materials that were at odds with the oral representations made to them. Here, Plaintiffs were not provided with written information until after they invested; in any event, there is nothing in the record that would indicate the nature of any disclosure in any written information that might have been made available to plaintiffs upon request. *See also Curran, Cooney, Penney, Inc. v. Young & Koomans, Inc.*, 183 A.D.2d 742 (2d Dept. 1992) (summary judgment decision that turned on plaintiff's failure to provide admissible proof of any misrepresentation); *UST Private Equity Investors Fund, Inc. v. Salomon Smith Barney*, 288 A.D.2d 87 (1st Dept. 2001) (plaintiffs had been provided

### B.  THE FRAUD CLAIM SATISIFES RULE 9(b)

Defendants' argument under Fed. R. Civ. P. 9(b) similarly lacks merit. Rule 9(b) exists to give the defendant in a fraud action 'fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Ross v. A.H. Robbins*, 607 F.2d 545, 557 (2d Cir. 1979, cert. denied 446 U.S. 946 (1980) (citations omitted). The "key to any Rule 9(b) motion is whether the complaint can apprise the defendant of the alleged conduct with enough detail to enable the defendant to prepare a defense." *Howard v. Galesi*, 83 Civ. 9078 (SWK), 1987 U.S. Dist. LEXIS 9117, at *3 (S.D.N.Y. Oct. 6, 1987) (citing *Credit and Finance Corp. Ltd. v. Warner & Swasey Co.*, 638 F.2d 563, 567 (2d Cir. 1981) (unartfully drawn complaint stated enough particulars to provide defendants with 'fair notice'); *First Fed. Savings & Loan v. Oppenheim, Appel, Dixon & Co.*, 634 F. Supp. 1341, 1353 (S.D.N.Y. 1986).

The two cases relied on by the Berkowitz Defendants in support of their Rule 9(b) argument involved complex facts with multiple parties. The complaints at issue in those cases failed to identify the speaker who made the material misrepresentations or the parties to whom that person spoke. *See DiVittorio v. Equidyne*, 822 F.2d 1242, 1247 (2d Cir. 1987); *Howard v. Galesi*, 1987 U.S. Dist. LEXIS 9117 (S.D.N.Y. Oct. 6, 1987). In this case, however, all of the fraudulent statements were made by Berkowitz, during the course of his successful campaign to cause Plaintiffs to part with their money. Thus, this

---

with written information stating that "investment bankers could not guarantee accuracy of information").

12

case does not raise any of the complicated pleading issues raised by the Rule 9(b) cases relied upon by the Berkowitz Defendants.[5]

The facts pled by Plaintiffs in support of their fraud claim are certainly ample to provide the Berkowitz Defendants with "fair notice" of the basis for the fraud claim against them and to allow the Berkowitz Defendants to prepare their defense. The Berkowitz Defendants' motion is a transparent tactical effort to delay discovery and increase the costs of this case to Plaintiffs. Because the Complaint specifies the fraudulent statements, why they were fraudulent, approximately when they were made, and by whom they were made, the Berkowitz Defendants' motion to dismiss the fraud claim should be denied. *See, e.g., Diller v. Schick*, 96 Civ. 4140 (AGS), 1998 U.S. Dist. LEXIS 14463 at *2 (S.D.N.Y. Sept. 15, 1998) (denying motion Rule 9(b) motion); *Mirman v. Berk & Michaels, P.C.*, 91 Civ. 8606 (JFK), 1994 U.S. Dist. LEXIS 10771 at *5, *20 (S.D.N.Y. Aug. 3, 1994) (same).

### C.     THE RESCISSION CLAIM SHOULD NOT BE DISMISSED

In an argument that is derivative of their others, the Berkowitz Defendants contend that rescission damages against them are available "only if they defrauded the plaintiffs." Def. Mem. at 13. For the reasons already set forth above, because Plaintiffs have stated a valid claim for fraud against the Berkowitz Defendants, the rescission claim against them should survive as well.

The two cases relied on by the Berkowitz Defendants both confirm that "New York courts have long held rescission applicable against a defrauder not in privity of

---

[5] It should be noted that the only fraud claim in this case is a single common law claim against the Berkowitz Defendants. This case does not arise under the Private Securities Litigation Reform Act of 1995 and is not subject to its heightened pleading standards.

contract with the victim of the fraud." *Gordon v. Burr*, 506 F.2d 1080, 1083-84 (2d Cir. 1974); *see also Pinter v. Dahl*, 486 U.S. 622, 643 n. 23 (1988) (privity not essential for rescission when claim is against defrauder). Because the Berkowitz Defendants have engaged in fraud, Plaintiffs have properly stated a claim for rescission against them in connection with the Investments.

## CONCLUSION

For the reasons set forth above, the motion to dismiss should be denied in its entirety and this Court should grant such other relief as it deems just and proper.[6]

Dated: December 17, 2007

                                  Respectfully submitted,

                                  MORGENSTERN JACOBS & BLUE, LLC

                                By: _____
                                         Eric B. Fisher
                                         885 Third Avenue
                                         New York, New York 10022

                                  *Attorneys for Plaintiffs*

---

[6] In the event that the Court grants the Berkowitz Defendants' motion in whole or in part, Plaintiffs respectfully request leave to amend their Complaint.