UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AVNER MALOUL and ALLEN LOWY,

                Plaintiff,                          07 Civ. 8525 (LBS)

    -against-

IVAN BERKOWITZ, GREAT COURT
CAPITAL, LLC, SD PARTNERS, LLC,
UTIX GROUP, INC., VSUS TECHNOLOGIES,
INC., and SUNSET BRANDS, INC.,

                Defendants.
------------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

Plaintiffs' answering brief fails to rebut the key deficiencies in the complaint identified in the motion to dismiss.

### The Non-Actionable "Misrepresentations"

The misrepresentations alleged by plaintiffs fall into two categories: First, those through which defendant Berkowitz "tout[ed]" the excellence of the investments now at issue ("bonanza," "low-risk opportunity," "secure," and "fail-safe"); and second, those that can be described as stating purported facts (that the investments were "subject to personal guaranties" and that Berkowitz "was co-investing . . . according to the same terms and conditions applicable to Plaintiff[s]").

Plaintiffs deliberately blur the two categories, so as to avoid having to defend the former, but the law in New York is clear – because the "bonanza"-type statements are non-actionable "puffing," they are subject to dismissal as a matter of law, without having to await discovery, summary judgment, or trial. (See, for example, the authorities cited at pages 8-9 of the moving

2

brief.)

Plaintiffs devote most of their argument to the second category, as to which defendants invoked the following time-honored principle:

> '[I]f the facts represented are not matters peculiarly within the [defendant's] knowledge, and the [plaintiff] has the means available to him of knowing, by the exercise of ordinary intelligence, the truth . . . of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations. (See Def. Br. at 10 et seq.)

Plaintiffs dare not dispute that statement of law, because it is so well established. Instead, they argue that it should not be applied at this point in the case because it "requires a 'fact-specific inquiry' . . . 'generally considered inappropriate for determination on a motion to dismiss'":

> 'Whether plaintiffs engaged in <u>enough</u> <u>due</u> <u>diligence</u> . . . is a question of fact for a jury to decide.' . . . At the motion to dismiss stage of this case, . . . this Court is not in a position to address the issue of the <u>adequacy</u> of Plaintiffs' due diligence. (Pl. Br. at 6-7; see also id. at 11 n.4; emphases added.)

What plaintiffs' argument ignores, however – and fatally so – is that their own pleading, and their brief defending it, <u>admit</u> that they did <u>no</u> due diligence at all! The complaint at paragraph 20 candidly acknowledges that "Plaintiffs invested solely based on representations made by Berkowitz. They were not provided with [and do not allege to have asked for] any written information about the Investments in advance of committing funds." Nor do they seek to amend to set forth the extent of their due diligence, because there is nothing to set forth in that regard – their brief reiterates that they "decided to commit funds solely based on representations made by Berkowitz," and that they "rel[ied] exclusively on information supplied by him in connection with their decision to commit funds" (Pl. Br. at 2, 3, citing Complt. paras. 20, 65).

There is thus no "question of fact for a jury to decide." Plaintiffs' own *Glidepath* case

...

states that "courts have granted motions to dismiss because of a failure to adequately plead reasonable reliance [in] situations where a plaintiff . . . relied on oral representations of information when it could easily have asked for additional information, or failed to properly investigate a transaction."[1] That is exactly the situation we have here. And this case is very different from *Crigger*, upon which plaintiffs rely so heavily (see Pl. Br. 6-7, 8), where "the undisputed facts [were] that the plaintiffs did engage in some investigation":

> Plaintiffs [in *Crigger*], among other things, performed a computer search for information about [the investment bank]; asked questions of [the account executive who allegedly defrauded them]; and demanded certain documents. Whether [that constituted] enough due diligence . . . is a question of fact for the jury to decide.[2]

Plaintiffs here, of course, did none of that and proudly proclaim it. Even worse, they made the complained-of investments in several installments over many months, beginning in November 2003 and ending in April 2005. Plaintiffs claim that "[i]n each instance, Berkowitz pressured Plaintiffs to commit their funds to the Investments quickly, in order to minimize the chance that they would learn the true facts" (Pl. Br. at 3, citing Complt. Para. 33), but that is evident nonsense that the Court is not required to blindly accept – even if it were presumed true for the first investment, plaintiffs had more than ample opportunity over the ensuing eighteen months to do something (or anything) by way of due diligence. They could have asked questions, they could have asked for documents, they could have performed computer searches, they could have sought to verify whether there were personal guaranties or (if this mattered to them) whether

---

[1] *Glidepath Holding v. Spherion*, 2007 U.S. Dist. LEXIS 54889 at *54 (S.D.N.Y. July 26, 2007).

[2] *Crigger v. Fahnestock & Co.*, 2003 U.S. Dist. LEXIS 16438 at *23-24 (Sept. 18, 2003) (citation omitted and emphases added).

Berkowitz had co-invested on the same terms and conditions. They did none of that, nor anything else; they just kept sending money, by their very own account. The *Crigger* decision made clear:

> In order for plaintiffs' reliance to have been reasonable, they must have done more than simply rely on what they were told by those promoting the investment. Plaintiffs bear a personal responsibility to engage in some form of due diligence prior to entering into an investment. . . . Where a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means, he cannot claim justifiable reliance on defendant's misrepresentations.[3]

Because plaintiffs here admit to having done zero due diligence rather than "some," the "adequacy" of their efforts is not in question and there is no bar to dismissing, at this stage, those fraud claims regarding representations plaintiffs chose not to verify.[4]

### Rule 9(b)

Plaintiffs utterly fail to address defendants' arguments on this issue. They make literally no attempt – in their initial pleading or in response to this motion – to tell us to whom (there are two plaintiffs) these alleged multiple misrepresentations were made; no attempt to tell us specifically (or approximately) when they were made; no attempt to tell us where they were made; no attempt to tell us the manner in which they were made (telephone, in person, or otherwise); and no attempt to explain how the exact same representations seem to have been

---

[3] Id. at *20-21.

[4] Plaintiffs' remaining cases are not to the contrary, for none of the out-of-context quotations on pages 8 and 10 of their brief deal with this issue (plaintiffs' obligation to verify what they could and their lack of reasonable reliance if they did not). And while plaintiffs note that the *Stuart Silver* case was a summary judgment decision, the actual facts were that plaintiff "entered into this venture based on [defendant's] alleged oral promises alone," and the court held that "such reliance is not reasonable." *Stuart Silver Associates v. Baco Development Corp.*, 245 A.D.2d 96, 665 N.Y.S.2d 415, 418 (1st Dept. 1997). So too here.

made on several occasions over many months.

Instead, they merely identify the alleged speaker as defendant Berkowitz, and claim that that is enough. It is not enough. Some of the purposes of Rule 9(b), understandably not cited by plaintiffs, are "to safeguard potential defendants from lightly made claims charging . . . moral turpitude"; and because "allegations of fraud . . . frequently are advanced only for their nuisance or settlement value" (as is obviously the case here), and "[t]hus, unfounded fraud claims should be identified and disposed of early." 5A Wright and Miller, *Federal Practice and Procedure*, § 1296 (3rd Ed. 2004).

If plaintiffs cannot even provide the specifics referred to above – which they would know, and could easily recount, if what they allege actually took place – then the Court can rightly conclude that they should not be permitted to go forward with this case. And since they have chosen to defend the pleading on its face rather than ask for leave to amend if it is deemed deficient, the Court should hold them to their choice, and if the complaint is ruled insufficient for lack of particularity, leave to amend should be denied and dismissal should be with prejudice.

### Conclusion

For the reasons set forth in defendants' moving brief and above,[5] plaintiffs' complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

---

[5] Plaintiffs' rescission claim (their first cause of action) is not otherwise addressed in this reply brief because both sides seem to agree that its viability is (in the words of plaintiffs' counsel) "derivative" of the viability of the second cause of action, for common-law fraud. See Def. Br. at 13; Pl. Br. at 13-14 ("because Plaintiffs have stated a valid claim for fraud . . ., the rescission claim . . . should survive as well"). Defendants believe that plaintiffs have not in fact stated a valid claim for fraud, as discussed above, and if the Court agrees the rescission claim should therefore fail as well.

6

Dated: December 31, 2007

                                                  GERSTEN SAVAGE LLP
                                                  Attorneys for Defendants Ivan Berkowitz,
                                                  Great Court Capital, LLC and SD Partners,
                                                  LLC

By: /s/ Steven R. Popofsky
      Steven R. Popofsky
600 Lexington Avenue
New York, New York 10022
(212) 752-9700