UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
: 
AVNER MALOUL and ALLEN LOWY, :
:
        Plaintiffs, :
:
    -against- :    07 Civ. 8525 (LBS)
:
IVAN BERKOWITZ, GREAT COURT :
CAPITAL, LLC, SD PARTNERS, LLC, :
UTIX GROUP, INC., VSUS TECHNOLOGIES, :
INC., and SUNSET BRANDS, INC. :
:
        Defendants. :
---------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN
<u>OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT</u>**

              Eric B. Fisher, Esq.
              MORGENSTERN FISHER & BLUE, LLC
              885 Third Avenue
              New York, New York 10022
              Telephone: 212.750.6776
              Facsimile: 646.349.2816

              *Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………....…ii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................................. 3

    A. The Berkowitz Defendants' First Motion to Dismiss ............................................. 3

    B. The Allegations in the Amended Complaint ........................................................... 4

ARGUMENT ................................................................................................................................ 5

THE MOTION TO DISMISS SHOULD BE DENIED ........................................................ 5

    A. The Applicable Standard........................................................................................ 5

    B. Plaintiffs Have Stated A Claim For Common Law Fraud ..................................... 6

    C. Plaintiffs Reliance Was Reasonable ....................................................................... 9

    D. The Rescission Claim Should Not Be Dismissed ................................................. 15

CONCLUSION............................................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Angerosa v. The White Co.*, 248 A.D. 425 (4th Dep't 1936) ............................................ 13

*Banque Franco-Hellenique de Commerce Intl. et Maritime, S.A. v. Christophides*, 106 F.3d 22 (2d Cir. 1997) .................................................................................................. 10

*Belin v. Weissler*, 97 Civ. 8787 (RWS), 1998 U.S. Dist. LEXIS 10492 (S.D.N.Y. July 14, 1998) .............................................................................................. 14

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ............................................................ 5

*Breslin Realty Associates v. Park Investments, Ltd.*, No. 91 Civ. 1614, 1991 WL 340576 (E.D.N.Y. Dec. 23, 1991) ................................................................ 10

*Brown v. E.F. Hutton*, 991 F.2d 1020 (2d Cir. 1993) ........................................................ 14

*City of Amsterdam v. Goldreyer, Ltd.*, 882 F. Supp. 1273 (S.D.N.Y. 1995) .................... 10

*Country World, Inc. v. Imperial Frozen Foods Co.,* 186 A.D.2d 781, 589 N.Y.S.2d 81 (2d Dep't 1992) .............................................................................. 10

*Crigger v. Fahnestock & Co., Inc.*, 01 Civ. 0781 (JFK), 2003 U.S. Dist. LEXIS 16438  (S.D.N.Y. Sept. 18, 2003) .................................................................................. 8

*Curran, Cooney, Penney, Inc. v. Young & Koomans, Inc.*, 183 A.D.2d 742 (2d Dept. 1992) .......................................................................................................... 14

*Danann Realty Corp. v. Harris*, 5 N.Y.2d 317 (1959) ...................................................... 13

*Diller v. Schick*, 96 Civ. 4140 (AGS), 1998 U.S. Dist. LEXIS 14463 (S.D.N.Y. Sept. 15, 1998) ............................................................................................. 8

*Doehla v. Wathne Ltd., Inc.*, 98 Civ. 6087 (CSH), 1999 U.S. Dist. LEXIS 11787 (S.D.N.Y. Aug. 3, 1999) ................................................................................................ 10

*EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp.2d 265 (S.D.N.Y. 2004) ........................................................................................................ 6, 7

*Glidepath Holding B.V. v. Spherion Corp.*, 04 Civ. 9758 (KMK), 2007 U.S. Dist. LEXIS 54889 (S.D.N.Y. July 26, 2007) ................................................. 5, 11

*Gordon v. Burr*, 506 F.2d 1080 (2d Cir. 1974) .................................................................. 15

*Hyosung America, Inc. v. Sumagh Textile Co., Ltd.*, 137 F.3d 75 (2d Cir. 1998) ............ 13

*In re Keyspan Corp. Sec. Litig.*, 01 Civ. 5852 (ARR), 2003 U.S. Dist. LEXIS 26173
   (E.D.N.Y. July 30, 2003) ................................................................................................ 7

*In re Sobel*, 37 B.R. 780 (Bankr. S.D.N.Y. 1984) ............................................................ 11

*In re Spar (Kuper v. Spar)*, 176 B.R. 321 (Bankr. S.D.N.Y. 1994)................................... 11

*J.P. Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393 (S.D.N.Y. 2004) .................. 10

*Jaquith v. Newhard*, 1993 U.S. Dist. LEXIS 5214, No. 91 Civ. 7503, 1993 WL
   127212 (S.D.N.Y. April 20, 1993).................................................................................. 10

*Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413 (1996)....................................... 6

*Mirman v. Berk & Michaels, P.C.*, 91 Civ. 8606 (JFK), 1994 U.S. Dist. LEXIS 10771
   (S.D.N.Y. Aug. 3, 1994) .................................................................................................. 8

*MTV Networks, a Division of Viacom Int'l, Inc.*, 867 F. Supp. 202 (S.D.N.Y. 1994) ...... 10

*Parsons & Whittemore Enterprises Corp. v. Schwartz*, 387 F. Supp. 2d 368
   (S.D.N.Y. 2005) ............................................................................................................. 11

*Pinter v. Dahl*, 486 U.S. 622 (1988) ................................................................................. 15

*Premier Lending Services v. Yehezkel*, 291 A.D.2d 544, 737 N.Y.S.2d 661
   (2d Dep't 2002).............................................................................................................. 15

*Rotstein v. Reynolds & Co.*, 359 F. Supp. 113 (N.D. Ill. 1973)........................................... 8

*Stuart Silver Associates v. Baco Dev. Corp.*, 245 A.D.2d 96 (1st Dept. 1997). ............... 14

*Swersky v. Dreyer & Taub,* 643 N.Y.S.2d 33 (1st Dep't 1996)......................................... 10

*Sykes v. James*, 13 F.3d 515 (2d Cir. 1993)........................................................................ 4

*The Faller Group, Inc. v. Jaffe*, 564 F. Supp. 1177 (S.D.N.Y. 1983) .............................. 12

*Todd v. Pearl Woods, Inc.*, 20 A.D.2d 911, 248 N.Y.S.2d 975 (2d Dep't 1964) ............. 12

*Whitbread (US) Holdings, Inc. v. Baron Philippe de Rothschild, S.A.*, 630 F. Supp. 972
   (S.D.N.Y. 1986) ............................................................................................................. 10

*Whittemore Enterprises Corp. v. Schwartz*, 387 F. Supp. 2d 368 (S.D.N.Y. 2005)......... 11

*World Series of Casino Gambling, Inc. v. King,* No. 85 Civ. 1239 (WCC), 1986 U.S. Dist. LEXIS 18521 (S.D.N.Y. Oct. 30, 1986) ................................................................. 8

*Zerman v. Ball*, 735 F.2d 15 (2d Cir. 1984) ........................................................................ 9

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 5, 8

Fed. R. Civ. P. 9(b) ........................................................................................................ 6

Plaintiffs Avner Maloul and Allen Lowy ("Plaintiffs"), by their attorneys Morgenstern Fisher & Blue, LLC, respectfully submit this memorandum of law in opposition to the motion to dismiss the Amended Complaint filed by Defendants Ivan Berkowitz ("Berkowitz"), Great Court Capital, LLC ("Great Court Capital") and SD Partners, LLC ("SD Partners") (collectively, the "Berkowitz Defendants").[1]  For the reasons set forth herein, the motion should be denied.

## PRELIMINARY STATEMENT

As alleged in the Amended Complaint, the Berkowitz Defendants fraudulently solicited investments from Plaintiffs, causing them losses of approximately $725,000.  In their motion to dismiss the Amended Complaint, the Berkowitz Defendants contend that certain of the alleged fraudulent statements constitute "non-actionable puffing."  They also argue that Plaintiffs' reliance on the Berkowitz Defendants' false statements was unreasonable as a matter of law.  These arguments lack merit.

The key misrepresentations identified in the Amended Complaint are clearly false statements of fact that properly form the basis of Plaintiffs' common law fraud claim. According to the Amended Complaint:

- Berkowitz falsely represented that he was co-investing according to the same terms and conditions as the Plaintiffs.

- Berkowitz falsely represented that the investments were subject to personal guaranties.

---

[1]     Berkowitz is a principal of both Great Court Capital and SD Partners.  *See* Memorandum of Law in Support of Motion to Dismiss dated November 21, 2007 at 2.

1

- Berkowitz failed to disclose that the Berkowitz Defendants were collecting fees from the issuers, in exchange for soliciting Plaintiffs' investments.

In their motion papers, the Berkowitz Defendants do <u>not</u> contend that any of the above three statements is inactionable puffing. Plainly, those statements are materially misleading and actionable false statements of fact.

Further, certain other statements identified in the Amended Complaint – *e.g.,* false statements that the investments were "secure" and would provide "above-market" returns – are admittedly closer to the line between actionable fraud and inactionable puffing. However, as explained in the discussion of the relevant case law below, under the circumstances of this case, those statements fall on the actionable side of that line.

Finally, the Berkowitz Defendants' reliance argument fails to take account of compelling authority establishing that the reliance issue is not amenable to resolution on a motion to dismiss. There is a substantial body of case law that specifically concerns the issue of reasonable reliance in the particular context of a friendship or other close relationship of trust. Under such circumstances, the cases are quite clear that less diligence is demanded of plaintiffs, and that it is not unreasonable for plaintiffs to assume and accept the truth of representations made by the speaker. Accordingly, in this case, Plaintiffs' reliance on the Berkowitz Defendants' false statements was reasonable. At a minimum, this is a fact issue requiring further development in discovery.

For the reasons set forth herein, the Berkowitz Defendants' motion to dismiss the Amended Complaint should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Berkowitz Defendants' First Motion to Dismiss

The initial complaint in this action was filed on September 25, 2007. On November 21, 2007, the Berkowitz Defendants moved to dismiss the complaint, contending with regard to the common law fraud claim that (i) the fraud allegations in the complaint were not actionable as a matter of law; (ii) Plaintiffs' reliance on the Berkowitz Defendants' misrepresentations was not reasonable; and (iii) the fraud allegations were not stated with the requisite particularity.

On January 3, 2008, following oral argument on the Berkowitz Defendants' motion, this Court denied the motion to dismiss without prejudice to renewal. See Affidavit of Steven R. Popofsky dated January 24, 2008 ("Popofsky Aff."), Exh. F at 16:24-25. Further, the Court directed Plaintiffs to "file an amended complaint with as much specificity as you can," including the approximate dates of the fraudulent representations; who was present when the statements were made; and other detail as to who, what, when and where. Id. at 17:1-7. The Court pre-authorized the Berkowitz Defendants to file a new motion in response to the Amended Complaint and asked the parties to specifically consider the following issue:

> what type of diligence is required in the context of the relationship which existed as alleged here and where the representations are something which the defendant said he did – not that he knew of or heard of or was told – but something that he did; and of course the omission of what he did not say, which would have of course changed the nature of the relationship as perceived by the plaintiffs and made more relevant the classic cases that the defendant relies on where somebody has the opportunity to read the prospectus or make inquiry.

Id. at 17:11-20. In other words, the Court asked the parties to pay particular attention to the manner in which the longstanding relationship between the parties bears on the

3

question of reliance; also, the Court wished to discern whether the fact that certain of the statements (and the material omission) concerned Ivan Berkowitz's own conduct should factor into the reliance analysis.

**B.      The Allegations in the Amended Complaint**

Consistent with this Court's directive, Plaintiffs filed an Amended Complaint on January 24, 2008. The Amended Complaint alleges with particularity the details concerning the Berkowitz Defendants' fraudulent misrepresentations and material omissions. With respect to each of the fraudulent statements at issue, the Amended Complaint identifies, among other information, the false statement or omission, the speaker (always Berkowitz), the approximate date of the misrepresentation, whether the misrepresentation was made in person or via telephone, the circumstances surrounding the statement, and why the statement was false.[2]

In summary, among other affirmative misrepresentations, the fraudulent statements included the following: Berkowitz falsely told Plaintiffs that he was "co-investing" according to the same terms and conditions that applied to Plaintiffs' investments. Amended Complaint ¶¶ 24, 34, 60, 96. Berkowitz also falsely represented to Plaintiffs that the principal amount of the investments was personally guaranteed, and that these were safe investments, in which the principal amounts were secure. Id. ¶¶ 19, 23, 39, 47, 59, 96. In addition to these affirmative misrepresentations, the Berkowitz Defendants failed to disclose material information, including but not limited to the fact that the Berkowitz Defendants were acting as unregistered broker-dealers and were collecting fees from the issuer companies. Id. ¶ 97. With regard to each of the above

---

[2]     For purposes of this motion, the Court should assume the truth of the allegations in the Complaint. *See, e.g., Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

4

misrepresentations and omissions, the Amended Complaint alleges that Plaintiffs relied on the Berkowitz Defendants' material misrepresentations and omissions and were damaged thereby.

As explained in the Amended Complaint, Plaintiffs placed a great deal of trust in Berkowitz. *Id.* ¶ 16. Berkowitz and Plaintiff Allen Lowy have known one another since the early 1980s. *Id.* Further, as Berkowitz himself told Lowy, Berkowitz supposedly felt a sense of appreciation for assistance that Lowy had provided to Berkowitz's family on numerous occasions during the preceding years. *Id.* Plaintiffs also reasonably believed that Berkowitz was being truthful with them because they were under the false impression that they were part of Berkowitz's investing "group," and were similarly led to believe that the law firm of Bondy & Schloss, LLP, which was later acquired by Hodgson Ross LLP (the "Law Firm"), was acting on the group's behalf. *Id.* ¶ 75. At all relevant times, Plaintiffs relied upon Berkowitz's statements to them and the relationship of trust that they had established with him. *Id.* ¶ 71.

## ARGUMENT

## THE MOTION TO DISMISS SHOULD BE DENIED

A.  **The Applicable Standard**

To state a claim under Fed. R. Civ. P. 12(b)(6), Plaintiffs must "allege enough facts to state a claim to relief that is plausible on its face." *Glidepath Holding B.V. v. Spherion Corp.*, 04 Civ. 9758 (KMK), 2007 U.S. Dist. LEXIS 54889 at *26 (S.D.N.Y. July 26, 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In *Glidepath Holding*, the district court applied the *Twombly* pleading standard, ruling that certain of plaintiff's fraud allegations survived defendant's motion to dismiss. In this

5

case, as explained below, Plaintiffs' allegations are plainly sufficient to state a claim for relief against the Berkowitz Defendants.

B.     **Plaintiffs Have Stated A Claim For Common Law Fraud**

In "an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp.2d 265, 275 (S.D.N.Y. 2004) (quoting the New York Court of Appeals decision in *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421 (1996)). In this case, as is clear from the summary of the allegations in the Amended Complaint set forth in the preceding section of this memorandum, each of these elements has been satisfactorily pled. The Amended Complaint alleges that the Berkowitz Defendants knowingly made affirmative misrepresentations of fact about the investments and also failed to disclose material information; those false statements and omissions were made by the Berkowitz Defendants for the purpose of inducing Plaintiffs' reliance; Plaintiffs justifiably relied on the Berkowitz Defendants' misrepresentations and omissions; and Plaintiffs have been injured as a result of their reliance on the fraudulent statements.

Significantly, in their current motion, the Berkowitz Defendants no longer contend that the Amended Complaint fails to satisfy the particularity requirement of Fed. R. Civ. P. 9(b). Plainly, the fraud claim has now been stated with the requisite particularity.

6

Further, while the Berkowitz Defendants reassert the argument that certain of the statements made by the Berkowitz Defendants are non-actionable "puffing," they implicitly concede that the core alleged fraudulent statements and omissions relate to matters of fact and are thus actionable. In particular, the Berkowitz Defendants do not – and cannot – contend that the following statements are non-actionable:

- The false statement that Berkowitz himself was co-investing according to the same terms and conditions.

- The false statement that the investments were subject to personal guaranties.

- The failure to disclose that the Berkowitz Defendants were collecting fees from the issuers.

Each of these misstatements concerns a matter of fact and thus may properly form the basis of a fraud claim. With regard to these critical statements, at least, the Berkowitz Defendants do not contend otherwise.

Finally, contrary to the Berkowitz Defendants' argument, certain other statements, including the repeated characterization of these investments as "safe" and "secure" and the promise of "above-market returns" are, in fact, actionable. *See, e.g., In re Keyspan Corp. Sec. Litig.*, 01 Civ. 5852 (ARR), 2003 U.S. Dist. LEXIS 26173, at *50 (E.D.N.Y. July 30, 2003) (defendants' optimistic projections were actionable because the projections were offered at a time when the defendants knew facts that were inconsistent with projections); *see also EED Holdings*, 387 F. Supp. 2d at 275 ("the doctrine of non-actionability for puffery does not apply to false representations of material facts which are in their nature calculated to deceive and made with the intent to deceive") (quotations

7

omitted).  For example, in *Crigger v. Fahnestock & Co., Inc.*, 01 Civ. 0781 (JFK), 2003 U.S. Dist. LEXIS 16438, at *25 (S.D.N.Y. Sept. 18, 2003), plaintiffs' fraud claim survived defendant's Rule 12(b)(6) motion in circumstances where the defendant was alleged to have "assured [plaintiffs] that they would receive repayment of their principal."  As the district court explained, if defendant "purposefully misled the plaintiffs into believing their money was safe when he knew otherwise and as a result the plaintiffs lost money, he committed fraud."  *Id.* at 26.  Similarly, in *Diller v. Schick*, the district court found defendant's "fraudulent promises of risk-free investments" to be actionable.  *Diller v. Schick*, 96 Civ. 4140 (AGS), 1998 U.S. Dist. LEXIS 14463 at *2 (S.D.N.Y. Sept. 15, 1998); *see also Mirman v. Berk & Michaels, P.C.*, 91 Civ. 8606 (JFK), 1994 U.S. Dist. LEXIS 10771 at *5, *20 (S.D.N.Y. Aug. 3, 1994) (RICO claim survived challenge under Fed. R. Civ. P. 12(b)(6) and 9(b) where defendant told plaintiffs that tax shelter investments were "safe" and where defendant failed to disclose receipt of commissions in connection with investments).[3]

---

[3] The Berkowitz Defendants' "puffing" argument is undermined by the very cases upon which they rely.  For example, in *World Series of Casino Gambling, Inc. v. King,* No. 85 Civ. 1239 (WCC), 1986 U.S. Dist. LEXIS 18521 (S.D.N.Y. Oct. 30, 1986), the district court dismissed a fraud claim against boxing promoter Don King.  King had unambiguously disclosed that he was under investigation by the United States Attorney for the Southern District of New York, but according to the plaintiff in that case he had failed to disclose that the United States Attorney was considering whether to indict him.  The Court dismissed the fraud claim, ruling that King's disclosure was sufficient because any reasonable person would know that the "fact that King was being investigated meant that he could be indicted."  *Id.* at *9.  According to the Court, King's alleged "omissions amount to little more than quibbling about the words that defendants used in making" their disclosures.  *Id.*  In this case, in stark contrast, the Berkowitz Defendants failed to disclose any information about the fact that they were functioning as paid brokers for the issuers and failed to disclose that they were not registered pursuant to the 1934 Act.  Thus, unlike the *King* case, this action does not involve "quibbling" about the wording of the Berkowitz Defendants' disclosure.  Rather, this case involves Berkowitz's fundamental omissions and affirmative misrepresentations.

In *Rotstein v. Reynolds & Co.*, 359 F. Supp. 109, 113 (N.D. Ill. 1973), another case relied on by the Berkowitz Defendants, the Court held that a broker's reference to an investment as a

8

**C.    Plaintiffs Reliance Was Reasonable**

The Berkowitz Defendants expend most of their effort arguing that Plaintiffs' reliance on the Berkowitz Defendants' fraudulent statements was unreasonable as a matter of law. This argument is misguided and insufficiently attentive to the applicable case law.

At the January 3, 2008 oral argument before this Court, the Berkowitz Defendants contended, as they do again in their motion papers, that Plaintiffs should have challenged their friend's statements and sought documentation to verify whether he was speaking truthfully with them. In response, this Court asked whether this case might present an "exception to the general [*Schumaker*] rule, because one would hope that the law at least takes into consideration the way people normally act with each other." Popofsky Aff., Exh. F at 7:24-8:2. Indeed, as the Court's question implies, the law is quite sensitive to the specific context in which false statements are made, including the nature of the relationship between the speaker and the victim of the fraud. The Berkowitz Defendants reflexive, one-size-fits-all reliance on the general *Schumaker* rule is misplaced.

"Whether or not reliance on alleged misrepresentations is reasonable in the context of a particular case is intensely fact-specific and generally considered

---

"red hot stock" was not actionable, but that other statements about the investment were actionable, including "unfounded representations or predictions of future performance, for which the broker-dealer defendants lacked reliable information." *Id.* In this case, as alleged in the Amended Complaint, the Berkowitz Defendants' statements about the investments were actionable, untrue statements of fact about the terms of the investments. This critical distinction between actionable and inactionable statements is further reinforced by other cases relied on by the Berkowitz Defendants. *See Zerman v. Ball*, 735 F.2d 15, 21-22 (2d Cir. 1984) (characterization of investment as "marvelous" was not actionable; however, other statements by broker were actionable because they were representations of "fact, not puff or opinion").

9

inappropriate for determination on a motion to dismiss." *Doehla v. Wathne Ltd., Inc.*, 98 Civ. 6087 (CSH), 1999 U.S. Dist. LEXIS 11787, at *28 (S.D.N.Y. Aug. 3, 1999).[4] Among the fact-specific inquiries relevant to the issue of reasonable reliance is the nature of the relationship between the parties. In assessing "whether reliance on allegedly fraudulent misrepresentations is reasonable or justifiable, New York takes a contextual view, focusing on the level of sophistication of the parties, the relationship between them, and the information available at the time of the operative decision." *J.P. Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 406 (S.D.N.Y. 2004). "Ordinarily there is no duty to exercise due diligence and [courts] have described the necessary showing of care as 'minimal diligence' or 'negating its own recklessness.'" *Id.* (quoting *Banque Franco-Hellenique de Commerce Intl. et Maritime, S.A. v. Christophides*, 106 F.3d 22, 26-27 (2d Cir. 1997)).

---

[4] The *Doehla* case helpfully collects the following authority in support of the general proposition that the issue of the reasonableness of reliance is not amenable to resolution on a motion to dismiss: *Country World, Inc. v. Imperial Frozen Foods Co.,* 186 A.D.2d 781, 589 N.Y.S.2d 81, 82 (2d Dep't 1992) ("In a fraud action, whether a party could have ascertained the facts with reasonable diligence so as to negate justifiable reliance is a factual question.") (citations omitted); *MTV Networks, a Division of Viacom Int'l, Inc.*, 867 F. Supp. 202, 207 (S.D.N.Y. 1994) ("Questions of the reasonableness of reliance raise issues of fact that must be resolved at trial."); *Breslin Realty Associates v. Park Investments, Ltd.*, No. 91 Civ. 1614, 1991 WL 340576, at *4 (E.D.N.Y. Dec. 23, 1991) ("Whether it was possible for plaintiffs to ascertain whether the alleged misrepresentations were true or false and whether plaintiffs' reliance was reasonable or not are issues of fact that may not be resolved on a motion to dismiss."); *Swersky v. Dreyer & Taub,* 643 N.Y.S.2d 33, 37 (1st Dep't 1996) (reversing lower court's grant of motion to dismiss, court held that issue of reasonable reliance "should not have been resolved as a matter of law"); *City of Amsterdam v. Goldreyer, Ltd.*, 882 F. Supp. 1273, 1281-82 (S.D.N.Y. 1995) (court refused to dismiss fraud case on 12(b)(6) motion, holding that "defendants' argument that the City's reliance was not justified is an issue of fact that must be litigated at trial"); *Jaquith v. Newhard*, 1993 U.S. Dist. LEXIS 5214, *48, No. 91 Civ. 7503, 1993 WL 127212, at *15 (S.D.N.Y. April 20, 1993) ("the reasonableness of the reliance cannot be resolved on a motion to dismiss"); *Whitbread (US) Holdings, Inc. v. Baron Philippe de Rothschild, S.A.*, 630 F. Supp. 972, 978 (S.D.N.Y. 1986) ("In order to survive a motion to dismiss a Rule 10b-5 claim, a plaintiff need only plead that he relied on the defendants' misrepresentations. The reasonableness of any reliance is an issue of fact.").

As explained in *In re Spar (Kuper v. Spar)*, 176 B.R. 321, 328 (Bankr. S.D.N.Y. 1994), a "long standing friendship or close personal relationship weighs heavily in favor of finding reasonable reliance." In *Spar*, the court found that plaintiff had reasonably relied on defendant's unverified representation that he would execute a promissory note in connection with a business venture. In holding that plaintiff's reliance was reasonable, the court gave significant weight to the fact that in all of their previous dealings, the plaintiff had been able to rely on the defendant's representations due to their close personal relationship. *See also In re Sobel*, 37 B.R. 780, 785 (Bankr. S.D.N.Y. 1984) (holding that plaintiffs' reliance was reasonable even though plaintiffs failed to investigate representations made by defendants; plaintiffs "are not to be faulted if they believed that their close friends and the godparents of one of their children would deal honestly with them"). Both the *Spar* and *Sobel* cases involved defendants, who were friends of the plaintiffs, representing that something within their control was true when, in fact, it was not. *See also Glidepath* at 58 (close relationship between speaker and alleged victim of fraud is a fact issue precluding grant of motion to dismiss for lack of reasonable reliance); *Parsons & Whittemore Enterprises Corp. v. Schwartz*, 387 F. Supp. 2d 368, 374 (S.D.N.Y. 2005) (same).

Applying the above principles to this case, the long-standing relationship between the parties to this case renders Plaintiffs' reliance on Berkowitz's statements reasonable under the circumstances. The result might be otherwise if Berkowitz were a stranger to Plaintiffs, or if Plaintiffs had known that Berkowitz was being compensated by the issuers and was not acting as a friend. Further, in this case, as alleged in the Amended Complaint, Plaintiffs were falsely led to believe that they were acting as a group being

11

led by Berkowitz. In that regard, Plaintiffs reasonably looked to Berkowitz as their agent and deferred to his greater familiarity with the investments at issue. Finally, here, as in the cases cited above, Berkowitz's misstatements related to actions that he himself claimed to have taken. It defies reasonable expectations about human behavior to imagine that Plaintiffs would insist that Berkowitz provide written verification of his statements, absent some reason to suspect that he was not telling the truth. Accordingly, Plaintiffs' reliance on Berkowitz's statements was reasonable.

Furthermore, the Berkowitz Defendants are simply wrong when they assert that Plaintiffs' reliance was unreasonable as a matter of law because the Plaintiffs did not demand documentation that might have shown that Berkowitz was lying to them. For example, in *Todd v. Pearl Woods, Inc.*, 20 A.D.2d 911, 911, 248 N.Y.S.2d 975, 977 (2d Dep't 1964), the court held that the plaintiffs had reasonably relied on defendants' representation that installation of a sewer system had been completed with regard to properties that they purchased, even though the falsity of that representation could have been discovered if plaintiffs had inspected certain public records. Significantly, relying in part on *Schumaker*, the court in *Pearl Woods* held that information about the sewer system was "peculiarly within the knowledge of the defendants," even though it was also ascertainable form public records. In other words, "peculiarly" within the knowledge of defendants does not necessarily have the same meaning as "exclusively" within the knowledge of defendants. Where defendants are in a far superior position to know whether or not their statements are true, the due diligence obligation imposed on plaintiffs is lessened. *See also The Faller Group, Inc. v. Jaffe*, 564 F. Supp. 1177, 1181 (S.D.N.Y. 1983) (plaintiff's reliance on oral representation by defendant was reasonable,

12

even though plaintiff could have verified the information at issue with the state insurance department); *Hyosung America, Inc. v. Sumagh Textile Co., Ltd.*, 137 F.3d 75, 78-79 (2d Cir. 1998) (reversing district court's award of summary judgment) (reliance was not unreasonable as a matter of law, even though inspection of available files might have revealed falsity of representations); *Angerosa v. The White Co.*, 248 A.D. 425, 429 (4th Dep't 1936) ("plaintiffs were not charged with active vigilance to ascertain the truth of [defendant's] statement…; they had a right to rely on the correctness of the representation, unless they knew or had reason to believe that it was inaccurate").

Here, Plaintiffs did not become aware of any "red flags" and were not otherwise provided with any reason to doubt the statements made by the Berkowitz Defendants. Indeed, as the Berkowitz Defendants point out in their brief, Plaintiffs had previously made successful investments in reliance on the Berkowitz Defendants' statements – a fact that further lulled Plaintiffs into trusting the false statements made by the Berkowitz Defendants. Thus, Plaintiffs were justified in relying on the representations of the Berkowitz Defendants.

The cases relied on by the Berkowitz Defendants in support of the reliance argument are easily distinguished. In *Danann Realty Corp. v. Harris*, 5 N.Y.2d 317 (1959), the Court of Appeals held that a real estate company could not sue for fraud in connection with the sale of real estate where the purchase agreement expressly stated that the buyer was relying on its own inspection of the premises and was not relying on any representation made by the seller. Here, unlike *Danann*, there was no agreement in which Plaintiffs disclaimed reliance on Berkowitz's representations. Quite to the contrary, Berkowitz knew that Plaintiffs were relying exclusively on his statements to

13

them about the Investments and exerted pressure on Plaintiffs to induce them to quickly commit their funds.

Defendants also rely on *Stuart Silver Associates v. Baco Dev. Corp.*, 245 A.D.2d 96 (1st Dept. 1997), which similarly involved a real estate transaction. Further, the *Stuart Silver Associates* case was a summary judgment decision, reinforcing the point that the reasonableness of Plaintiffs' reliance on Berkowitz's statements and omissions is not a matter that should properly be resolved on a motion to dismiss. *See also Curran, Cooney, Penney, Inc. v. Young & Koomans, Inc.*, 183 A.D.2d 742 (2d Dept. 1992) (summary judgment decision that turned on plaintiff's failure to provide admissible proof of any misrepresentation).

Finally, the Berkowitz Defendants repeatedly seek to characterize this action as one in which the Plaintiffs engaged in "zero" due diligence. That is not an entirely fair characterization. It would be more accurate to say that the extent of Plaintiffs' due diligence was restricted to numerous conversations with Berkowitz. The issue now before this Court is whether, as a matter of law, more diligence was due. As established by the case law discussed above, because of the circumstances of this case – including, *inter alia*, the close relationship between the parties, the absence of "red flags," the pattern of trusting behavior between the parties in the past, and Berkowitz's superior knowledge of the relevant facts – Plaintiffs' limited due diligence was sufficient to satisfy the reasonable reliance standard.[5]

---

[5] None of the cases relied on by the Berkowitz Defendants involved a close personal relationship between plaintiff and defendant. Instead, the cases involve the more common arms-length relationship between the parties. *See, e.g., Belin v. Weissler*, 97 Civ. 8787 (RWS), 1998 U.S. Dist. LEXIS 10492 (S.D.N.Y. July 14, 1998); *Brown v. E.F. Hutton*, 991 F.2d 1020, 1031-32 (2d Cir. 1993); *Premier Lending Services v. Yehezkel*, 291 A.D.2d 544, 737 N.Y.S.2d 661 (2d

14

**D.    The Rescission Claim Should Not Be Dismissed**

The parties agree that the Berkowitz Defendants' challenge to Plaintiffs' rescission claim rises or falls with the fraud claim. The two cases relied on by the Berkowitz Defendants both confirm that "New York courts have long held rescission applicable against a defrauder not in privity of contract with the victim of the fraud." *Gordon v. Burr*, 506 F.2d 1080, 1083-84 (2d Cir. 1974); *see also Pinter v. Dahl*, 486 U.S. 622, 643 n. 23 (1988) (privity not essential for rescission when claim is against defrauder). Because Plaintiffs have stated a valid claim for fraud against the Berkowitz Defendants, the rescission claim against them should survive as well.

## CONCLUSION

For the reasons set forth above, the motion to dismiss should be denied in its entirety and this Court should grant such other relief as it deems just and proper.

Dated: April 3, 2008

        Respectfully submitted,

        MORGENSTERN FISHER & BLUE, LLC


        By:   /s/ Eric B. Fisher
             Eric B. Fisher
             885 Third Avenue
             New York, New York  10022

        *Attorneys for Plaintiffs*

---

Dep't 2002).  Accordingly, those cases shed littlie light on the question of whether reasonable reliance has been adequately pleaded in this case.

15