UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AVNER MALOUL AND ALLEN LOWY,      :
       :
      Plaintiffs,     :    **<u>MEMORANDUM & ORDER</u>**
       :
     v.      :    07 Civ. 8525 (LBS)
       :
IVAN BERKOWITZ, GREAT COURT CAPITAL,  :
LLC, SD PARTNERS, LLC, UTIX GROUP, INC.,  :
VSUS TECHNOLOGIES, INC. AND SUNSET  :
BRANDS, INC.,      :
       :
      Defendants.   :
-------------------------------------------------------------------x

SAND, J.

Plaintiffs Avner Maloul and Allen Lowy ("Plaintiffs") bring this suit claiming that

defendants Ivan Berkowitz, Great Court Capital, LLC, SD Partners, LLC, UTIX Group, Inc.,

VSUS Technologies, Inc., and Sunset Brands, Inc. (collectively, "Defendants") fraudulently

induced them to make investments, which caused approximately $725,000 in losses.  Defendants

bring this motion to dismiss arguing that plaintiffs' claim fails as a matter of law due to

insufficient allegations of fraudulent statements and to plaintiffs' lack of due diligence about the

investments.   For the reasons discussed below, defendants' motion to dismiss is denied.


I.      BACKGROUND

Plaintiff Lowy has known defendant Berkowitz for approximately twenty years, and

before this lawsuit had made several investments with him that were successful.  Plaintiffs allege

that in November 2003, Berkowitz told Lowy that he "had an opportunity to invest" and that "he

wanted to keep most of the investment opportunity for himself, but … would let Lowy in on a

'small piece' of the investment due to his longstanding relationship with Lowy."[1]  Plaintiffs allege that Berkowitz told Lowy that he felt a sense of appreciation for assistance that Lowy had provided to Berkowitz's family on numerous occasions during the preceding years.  Lowy asked Berkowitz if two other friends, including Avner Maloul, could invest as well, and Berkowitz agreed.  Plaintiffs allege that Berkowitz repeatedly told plaintiffs that the investment principal was guaranteed by the issuer, and that he would be co-investing under the same terms as they. Plaintiffs also believed that they were part of Berkowitz's investing "group," and believed that the law firm of Bondy & Schloss, LLP, which was later acquired by Hodgson Ross, was acting on the entire group's behalf.

Plaintiffs made three separate investments over the course of the following 18 months, and never received any return on their capital.  Plaintiffs allege that Berkowitz did not disclose that he and his firms were being paid fees by the issuer defendants, and that they were required to register as broker-dealers but were not so registered.  Plaintiffs seek to rescind their investments and to hold Berkowitz and his co-defendants jointly and severally liable for such rescission.  On January 3, 2008, following oral argument on defendants' motion to dismiss, this Court denied the motion to dismiss without prejudice to renewal.  The Court directed Plaintiffs to "file an amended complaint with as much specificity as you can."  Plaintiffs have filed an Amended Complaint and defendants have renewed their motion to dismiss.[2]


II.    STANDARD FOR MOTION TO DIMSISS UNDER RULE 12(b)(6)

A court reviewing a Complaint under Fed. R. Civ. P. 12(b)(6) will consider all material factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  Lee v.

---

[1] All facts in this section are drawn from plaintiffs' Amended Complaint and are accepted as true for the purpose of this motion.
[2] Defendants have not renewed the motion they originally brought with respect to Fed. R. Evid. 9(b).

<u>Bankers Trust Co</u>., 166 F.3d 540, 543 (2d Cir. 1999).   The complaint will be dismissed "only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   <u>Thomas v. City of New York</u>, 143 F.3d 31, 36-37 (2d Cir. 1998).   The court is not limited to the four corners of the complaint; it may also consider "documents attached to the complaint as an exhibit or incorporated in it by reference, … matters of which judicial notice may be taken, or … documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."   <u>Brass v. American Film Technologies, Inc</u>., 987 F.2d 142, 150 (2d Cir. 1993).


III.    FRAUD ALLEGATIONS

To recover for common law fraud in New York, plaintiffs must demonstrate: (1) a misrepresentation of material fact made with knowledge of falsity; (2) justifiable reliance on such misrepresentation, and (3) resulting harm. <u>See</u> <u>Lama Holding Co. v. Smith Barney Inc</u>., 88 N.Y.2d 413, 421, 668 N.E.2d 1370, 646 N.Y.S.2d 76 (1996).

Defendants argue that the statements made by Berkowitz documented in plaintiffs' Complaint are non-actionable "puffing."   New York law recognizes that "while mere promissory statements as to what will be done in the future are not actionable, … it is settled that, *if a promise was actually made with a preconceived and undisclosed intention of not performing it, it constitutes a misrepresentation of material existing fact* upon which an action for rescission [based on fraudulent inducement] may be predicated.   <u>Century Pac., Inc. v. Hilton Hotels Corp</u>., 2004 U.S. Dist. LEXIS 6904 (S.D.N.Y. Apr. 20, 2004) (emphasis in original).   Here, plaintiffs have adequately alleged that Berkowitz knew, at the time they were discussing the investments with plaintiffs, that he was not co-investing along with the plaintiffs, and that the plaintiffs'

principal was not guaranteed.  Plaintiffs have adequately pled fraudulent statements which withstand a motion to dismiss.

IV.    DUE DILIGENCE

Next, defendants argue that plaintiffs' reliance was unreasonable because they failed to do any due diligence on the investment, and that with due diligence they could have discovered that Berkowitz's statements were false.

"Typically, a plaintiff will prove reasonable diligence either by showing that: (a) the circumstances were such that a reasonable person would not have thought to investigate, or (b) the plaintiffs attempted investigation was thwarted." In re Pub'n Paper, 2005 U.S. Dist. LEXIS 19896, 2005 WL 2175139, at *5.  Plaintiffs argue that due to their friendship and longstanding relationship with Berkowitz, their reliance on his word without any due diligence was reasonable.

Whether or not reliance on alleged misrepresentations is reasonable in the context of a particular case is intensely fact-specific and generally considered inappropriate for determination on a motion to dismiss. See Jaquith v. Newhard, 1993 U.S. Dist. LEXIS 5214, *48, No. 91 Civ. 7503, 1993 WL 127212, at *15 (S.D.N.Y. April 20, 1993) ("the reasonableness of the reliance cannot be resolved on a motion to dismiss"); Country World, Inc. v. Imperial Frozen Foods Co., 186 A.D.2d 781, 589 N.Y.S.2d 81, 82 (2d Dep't 1992) ("In a fraud action, whether a party could have ascertained the facts with reasonable diligence so as to negate justifiable reliance is a factual question.").  Courts in this circuit have recognized, "cases that have been dismissed prior to trial for failure to satisfy the reasonable reliance prong generally are cases in which plaintiff was placed on guard or practically faced with the facts," Doehla v. Wathne Ltd., 1999 U.S. Dist. LEXIS 11787, *37 (S.D.N.Y. Aug. 2, 1999) (citing Bensen v. American Ultramar Limited, 1996

U.S. Dist. LEXIS 1222, *25), or "where the evidence has established that a sophisticated plaintiff had indisputable access to truth-revealing information." Id. at *32.

We find that this case is readily distinguishable from other cases where motions to dismiss have been granted for inappropriate reliance based on plaintiff's sophistication and experience.  Quite simply, "sophisticated business entities are held to a higher standard."  JP Morgan Chase Bank v. Winnick, 350 F. Supp. 2d 393, 406 (S.D.N.Y. 2004).  See Most v. Monti, 456 N.Y.S.2d 427, 428 (N.Y. App. Div. 2d Dep't 1982) ("What plaintiffs seek in this instance is an implausible finding that an experienced businessman … in assuming a major proprietary interest in a commercial enterprise, and incurring a heavy financial obligation, did so on verbal assurances given him by one of the defendants."); Marine Midland Bank v. Palm Beach Moorings, Inc., 403 N.Y.S.2d 15, 17 (N.Y. App. Div. 1st Dep't 1978) ("The thesis advanced requires a finding that an experienced business man, assuming a controlling interest in a corporation and incurring heavy financial obligations, did so on the basis of verbal assurances given him by the seller and a bank official.").[3]

Defendants seek a ruling that if a plaintiff performs no due diligence, this will categorically defeat a fraud action at the motion to dismiss stage, but cite no case that unequivocally endorses that principle.  New York cases have only held that no due diligence is unreasonable where there is a publicly available document that would refute the false statements, or a document that is actually in plaintiff's possession.  Compare Swersky v. Dreyer & Traub, 643 N.Y.S.2d 33, 37 (N.Y. App. Div. 1st Dep't 1996) (refusing to grant a motion to dismiss

---

[3] It is worth noting that at least one case suggests that if plaintiff is sophisticated and experienced, these factors trump the personal relationship between the parties. Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc., 343 F.3d 189, 196 (2d Cir. N.Y. 2003) ("Given the sophistication of this financial transaction and of the parties, and absent any allegation of a fiduciary relationship, the personal friendship between Waldron and Hansen does not make appellant's reliance on the alleged extra-contractual representations reasonable."). Here, plaintiff appears to have been an inexperienced, casual investor based on the facts alleged in the Complaint, and thus Emergent Capital is inapplicable.

where plaintiff would have had to question the CEO of a company to refute the false statements, and it was impossible to know "how candid [the CEO] would have been with any information he did have") with Pinney v. Beckwith, 202 A.D.2d 767, 608 N.Y.S.2d 738, 739 (3d Dep't 1994) (no reasonable reliance where a "simple inquiry" into town records would have disclosed the falsity of defendant's representations regarding subdivision approval) and Hunt v. Alliance North American Gov. Income Trust Inc., 159 F.3d 723 (2d Cir. 1998) (holding that investors' reliance on advertising materials was unreasonable because information in the prospectus clarified or contradicted the statements and "consulting the prospectuses, the investors would have discovered the true nature of the investment.").

Plaintiffs also cite several cases which hold that a long friendship between the parties can influence the reasonableness of a party's reliance.  See Kuper v. Spar (In re Spar), 176 B.R. 321, 328 (Bankr. S.D.N.Y. 1994) ("A long standing friendship or close personal relationship weighs heavily in favor of finding reasonable reliance") (citing In re Phillips, 804 F.2d 930, 933 (6th Cir. 1986); In re Sobel, 37 B.R. 780, 785 (Bankr. E.D.N.Y. 1984) ("Because of the relationship of trust and confidence which had been built up between the younger people and the Sobels, it was easy for the former to credit Sobel's explanation … They are not to be faulted if they believed that their close friends and the godparents of one of their children would deal honestly with them.");[4] Parsons & Whittemore Enters. Corp. v. Schwartz, 387 F. Supp. 2d 368, 374 (S.D.N.Y. 2005) (noting that "Plaintiffs' … case involves a long-standing close, personal relationship between taxpayer and tax attorney -- not an arms length relationship between client and service provider" and holding that because of that relationship, "a juror could surely find that Mr. Landegger's reliance on the Defendant, a close friend and (allegedly) the Landeggers' tax

---

[4] Although both of these cases are in the context of bankruptcy proceedings, the issue in each case was whether a party's reliance on fraudulent statements was reasonable.

attorney, was reasonable.").

Ultimately, in evaluating whether a plaintiff's reliance on fraudulent statements is reasonable, New York courts take "a contextual view, focusing on the level of sophistication of the parties, the relationship between them, and the information available at the time of the operative decision." JP Morgan Chase Bank v. Winnick, 350 F. Supp. 2d 393, 406 (S.D.N.Y. 2004). Here, the issue of whether the plaintiffs' reliance was reasonable is a factual question inappropriate for resolution in a motion to dismiss.[5] The motion must therefore be denied.

V.    RECISSION

The parties agree that the Berkowitz Defendants' challenge to Plaintiffs' rescission claim rises or falls with the fraud claim. Because the motion to dismiss the fraud claim is denied, Plaintiffs' rescission claim survives as well.

VI.    CONCLUSION

For the reasons stated above, defendants' motion to dismiss is DENIED.

**SO ORDERED.**

Dated: July 2̶3̶, 2008
       New York, NY

_____
                              U.S.D.J.

---

[5] Finally, defendants argue that because only Lowy had a personal relationship with Berkowitz, plaintiff Maloul's claim should be dismissed. However, Maloul relied on Lowy's relationship with Berkowitz and the trust that Lowy placed in him. Although it seems clear that Maloul's reliance on Berkowitz's word was less justified than Lowy's, we hold that a jury could find that Maloul's reliance was still reasonable. Thus, both plaintiffs' claims survive this motion to dismiss.

7