UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

AVNER MALOUL and ALLEN LOWY,

        Plaintiffs,

    -against-

IVAN BERKOWITZ, *et al.*,.

        Defendants.
-----------------------------------------------------------x

07 Civ. 8525 (KPF)

**AFFIDAVIT IN SUPPORT OF PLAINTIFFS' MOTION UNDER FEDERAL RULE 60(a) TO REOPEN ACTION**

STATE OF NEW YORK   )
                       ) ss.:
COUNTY OF NEW YORK )

Allen M. Lowy, attorney for the plaintiffs, under penalties of perjury, says:

1. I am a member of the Bar of this Court and a plaintiff representing myself pro se in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2. I also represent Plaintiff Avner Maloul.

3. I make this affidavit pursuant to Federal Rule of Civil Procedure 60(a) in support of Plaintiffs' motion to reopen the instant named action.

4. This is an action to recover $505,000 plus accrued interest for a series of five loans Mr. Maloul and I made during 2003, 2004 and 2005 to the defendant VSUS Technologies, Inc. ("VSUS") n/k/a New Columbia Resources, Inc. Mr. Maloul made loans of $65,000 and $100,000, while I made loans of $250,000, $50,000 and $40,000. The loans were evidenced by Loan Agreements, Promissory Notes and other documents. See Exhibit A, Loan Documents.

5. At no time did Plaintiffs assign their rights under the loans to a third-party.

6.  After the maturity date of the loans, I tried unsuccessfully to contact VSUS to arrange the repayment of the loans. The contact information the defendant provided in the loan documents led to a dead end in Israel. The telephone numbers were also out of service.

7.  On numerous occasions including in or around September 2007, February 2009, February and November of 2010 and March 2011, Jeffrey Rinde, counsel who drafted the loan documents, told me that VSUS was out of business. Indeed, while we made numerous attempts over the years to find the defendant, we were unsuccessful.

8.  After the loans matured and well before the statute of limitations had run we commenced this action against VSUS and others on October 2, 2007 for the repayment of the loans. See Exhibit B, Docket Sheet.

9.  During the course of the action, a Stipulation of Discontinuance was entered as against two of the defendants (Hodgson Russ, LLP and Jeffrey Rinde) on December 13, 2010. Thereafter, on May 4, 2011, a second Stipulation of Discontinuance (the "Second Stipulation") was entered as against Ivan Berkowitz, Great Court Capital LLC, and SD Partners LLC, leaving only VSUS and Sunset Brands as remaining defendants. See Exhibit C, Stipulations of Discontinuance.

10.  On the same day the Second Stipulation was entered, the case was marked "terminated" on the docket, notwithstanding that the claims against VSUS and Sunset Brands remained. See Exhibit B, Docket Sheet.

11.  At no time did we discontinue the action against VSUS.

12.  With no indication that the action was not discontinued against VSUS and Sunset Brands, the clerk's office made the following entry on the docket [entry 66]:

> **"STIPULATION OF DISCONTINUANCE. IT IS HEREBY STIPULATED AND AGREED that the above entitled action be, and hereby is discontinued, with prejudice and without costs to either party as against the other."**

2

13. The termination of this action was due to no action or conduct by Plaintiffs and was an event and circumstance beyond our control.

14. We first learned that this action was closed as to all parties in 2014 when we discovered VSUS had changed its name to New Columbia Resources, Inc. and had transformed itself from a defunct company that had not responded to any outreach into a viable company.

15. Soon after, we sought to continue enforcing our rights and remedies against VSUS.

16. We finally located VSUS and sent it a demand for repayment of the loans. It did not reply. A copy of the demand is attached as Exhibit D.

17. We promptly commenced a second action titled Maloul et al. v. New Colombia Resources, Inc. case number 1:15-cv-08710-KPF (the "Second Action"). The causes of action asserted in the Second Action are precisely those asserted in this action. (The Second Action is currently scheduled for trial on February 5, 2018 and the main issue is whether the contract claims are time barred by the statute of limitations, or whether the principles of equitable tolling apply.)

18. Consistent with its conduct in the first action, VSUS failed to answer the Complaint in the Second Action. In fact, the first time it responded to anything at all was when it was faced with a default judgment in the Second Action.

19. And even then, although ordered to do so, it failed to provide any materials it claimed to have which would substantiate its claim that Plaintiffs had assigned the loans to a third-party. See Affidavit of Kyle Gotshalk attached as Exhibit E.

20. While we knew that the present action had been terminated, only now as we were preparing for trial in the Second Action did we realize the termination was made in error.

3

21. We are not seeking relief from either of the Stipulations of Discontinuance as those orders were correct in that they only discontinued this action against specified defendants, of which VSUS was not one.

22. What we are seeking is to correct the clerical error on the docket which caused us to believe that we needed to commence a new action against VSUS.

23. It is precisely because of the clerical error that resulted in the termination of this action that Federal Rule of Civil Procedure 60(a) is the proper vehicle for us to seek to reopen it.

24. Plaintiffs respectfully submit that this action should be reopened so that our claims can be determined on the merits in this action which was indisputably timely commenced but incorrectly terminated by reason of clerical error.

25. Further, Defendant will not suffer any prejudice, first, because it was already a party to this action and, second, at the very time it borrowed the money, Defendant made it clear in all the loan documents, prepared by its attorneys, that it would <u>never</u> shirk from its responsibility to repay Plaintiffs. To persuade us to lend them the money, they went out of their way to assure us that we would have no bars, especially time constraints, to be repaid.

26. Moreover, if the action is not reopened Plaintiffs will suffer significant harm in the event the Second Action cannot be maintained because of the expiration of the statute of limitations. We are not financial institutions that regularly engage in this type of business and our inability to pursue our rights has and will have a substantial impact on our financial condition.

27. I respectfully submit that the action should be reopened so that Plaintiffs' claims can be determined on the merits in an action which was indisputably timely commenced and incorrectly terminated by reason of clerical error.

WHEREFORE, the plaintiffs request the entry of an order pursuant to Federal Rule of Civil Procedure 60(a) reopening the present Action and such other relief the Court deems just and proper.

Dated: New York, New York
      January 26, 2018

                                          Allen M. Lowy

Sworn to before me this 26 day of January 2018.

Notary Public

SYED J ZAMAN
Notary Public – State of New York
NO. 01ZA6362385
Qualified in New York County
My Commission Expires Jul 31, 2021