```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AVNER MALOUL, and
ALLEN LOWY



                    -against-




IVAN BERKOWITZ, et al
-----------------------------------------------------------X
```

Index №: 2007-CV-08525 (KPF)

# OPPOSITION TO REOPEN MATTER PURSUANT TO F.R.C.P. 60 (a)

Hon. Judge Katherine Polk Failla

The Defendant New Colombia Resources, Inc., f.k.a. Vsus Technologies, Inc., (hereinafter "NEWC" or "New Colombia"), by and through their attorney Marshal Shichtman & Associates, P.C., herby submits this Opposition to the Plaintiff's Motion to Reopen Pursuant to F.R.C.P. Rule 60 (a).

I. BACKGROUND AND FACTS

1. The Plaintiffs in the aforecaptioned 2007 action instituted this action to collect on certain notes. The Plaintiff then settled that action then settled the aforecaptioned action against all the defendants in two tranches: one against Hodgson Russ and Jeffrey Rinde, and one against, and this is a direct quote from the Stipulation of Discontinuance filed on 4 May 2011 (*See* Exhibit A) (the "Stipulation of Discontinuance") , "…ALL REMAINING DEFENDANTS…"  In fairness to the Plaintiff, the Stipulation of Discontinuance goes on to list all the Defendants except Vsus Technologies, Inc., but the Stipulation which was a document agreed to by the Plaintiff, states "…THE REMAINING DEFENDANTS…" [caps added for emphasis]

2. The Stipulation of Discontinuance clearly states a dismissal "WITH PREJUDICE." [caps added for emphasis]  (*See* Exhibit A)

3. The Plaintiffs then entered into a Confidential Settlement Agreement with Defendants Ivan Berkowitz, Great Court Capital, L.L.C., and SD Partners, L.L.C., and sought and received a Protective Order, dated 9 February 2011, keeping the confidential settlement agreement confidential. Defendant Vsus Technologies' name is not mentioned in the Protective Order and no language stating "all defendants" resides in the motion for the Protective Order. (*See* Exhibit B – Order of Protection for Confidential Settlement Agreement)

4. After the Stipulation of Discontinuance, no further action is taken on the 2007 litigation; including but not limited to Motions for Default, Motions for Judgments (Summary Judgment or Default Judgment), Information Subpoenas, or any collection efforts.  (*See* Exhibit E – 2007 Docket)

5. Four years later in 2015 Plaintiff then sues[1] Vsus Technologies' (n.k.a. New Colombia Resources, Inc.) for collection on the same notes (*See* Exhibit D – Second Amended Complaint), attempting to use an exception to the statute of limitations that the Plaintiff could not locate the Defendant Vsus, even though Defendant Vsus was served and indeed Answered (See Exhibit C – Vsus Answer as listed in the 2007 litigation at docket number 29 (*See* Exhibit E – 2007 docket)) at least one of the three complaints (the original plus an amended and a second amended complaint, *See* Exhibit D – Second Amended Complaint) thereby appearing in the aforecaptioned litigation and completely eviscerating any hope of

---

[1] 15CV08710  S.D.N.Y. KPF

claiming an exception to the statute of limitations in the 2015 litigation, or in the alternative dismissing the 2015 action on res judicata.

6. Admittedly vexing is the fact that the Vsus Answer was listed as the Vsus Answer on the Docket (*See* Exhibit E – 2007 docket) but not on the Answer proper. Even more intricate was the Vsus Answer was submitted by the firm Gersten & Savage who does not appear on the docket sheet. Defendant Vsus was represented by Mr. Popofsky who also represented Defendants Ivan Berkowitz, Great Court Capital, L.L.C. SD Partners, L.L.C., Utix Group, Inc., and Sunset Brands, Inc., all of whom save Utix, were party to the confidential settlement agreement. (Exhibit E)

## II.     THIS IS NOT A CLERICAL ERROR UNDER ANY STRETCH OF THE IMAGINATION

7. Although district court may correct clerical errors to reflect what was intended at time of ruling, errors that affect substantial rights of parties are beyond scope of FRCP 60(a).[2]

8. Rule 60(a) does not encompass errors that involve judgment or discretion, especially when altering error affects substance of judgment.[3]

9. In the instant, the Plaintiff seeks to retroactively alter the Stipulation of Discontinuance to redact the discontinuance against Defendant Vsus which substantively effects judgment and resolution of the 2007 litigation. Moreover, there is no more substantive right then to a

---

[2] Weeks v. Jones (11th Cir. Ala. Nov. 22, 1996), 100 F3d 124, 36 Fed R Serv 3d (Callaghan) 416; Matter of West Texas Marketing Corp., 12 F.3d 497, 504 (5th Cir. 1994)
[3] In re American Precision Vibrator Co. (5th Cir. Tex. Jan. 20, 1989), 863 F2d 428, Bankr L Rep (CCH) P72607, 12 Fed R Serv 3d (Callaghan) 1428

final resolution, and the final resolution in question substantively effects the rights of Defendant Vsus and therefore is well beyond the province of Rule 60 (a).[4]

10. On a factual basis, the record is completely absent of any attempt whatsoever to continue the 2007 litigation after the Stipulation of Discontinuance, demonstrating beyond a reasonable doubt that the intent was that the matter was fully resolved. If the Plaintiff believed Defendant Vsus was still litigating, the Plaintiff would have made a motion for some form of judgment, tried to collect, or otherwise hold Defendant Vsus accountable. Moreover, if the Court believed that 2007 ligation was still open the Court would have demanded the Plaintiff move forward with their case. None of that happened because the docket indicates that everyone believed the case was closed because no further action was taken upon it.

11. The prior action was settled, and went so far as to get a protective order for the confidential settlement agreement. (*See* Exhibit B – Protective Order for Confidential Settlement Agreement)  Now the Plaintiff states in his Affidavit (¶ 13) that, "The termination of this action was due to no action or conduct by Plaintiffs and was an event and circumstance beyond our control." The Plaintiffs intentionally made two separate discontinuances, an application for a protective order for a confidential settlement agreement, and an ostensible confidential settlement agreement to protect, indicating that the Plaintiffs took action and conduct to settle the 2007 action.  The statement by Plaintiff is simply cannot be reconciled with the facts. Giving the Plaintiff the benefit of the doubt in assuming that he was referring strictly to the termination against Defendant Vsus, which he does not state at

---

[4] West Virginia Oil & Gas Co. v. George E. Breece Lumber Co. (5th Cir. La. June 4, 1954), 213 F2d 702.

all, it cannot be reconciled with the fact that no further action was taken against Defendant Vsus substantiating the manifestation of intention that the matter was over.

12. The scope of FRCP 60(a) is very limited and may be used to correct mindless mechanistic mistakes which require no additional legal reasoning.[5] In the instant application, the Plaintiff would have the court believe that this is a simple clerical error but in reality it is a convoluted morass in the best light for the Plaintiff. In the best light for Defendant Vsus, it is pretty clear cut in favor of Defendant Vsus: Defendant Vsus entered an Answer (Exhibit E @ docket 29), and the Stipulation of Discontinuance states "…against all defendants…"(Exhibit A), a document which they had control over, which require no additional legal reasoning or divining of intentions and not clerical in nature.[6]

III.    The Confidential Settlement Agreement

13.  The disclosure of the terms of a settlement agreement by a settling party to a nonsettling party may be appropriate, despite the presence of a confidentiality clause in the agreement, where the terms of the agreement are "material and necessary" to the nonsettling party's case.[7]

14. The Plaintiff utterly fails to disclose the Confidential Settlement Agreement or its terms and conditions. Judge Failia was not the handling Judge and thus presumably has/had no

---

[5] Sherrod v. American Airlines (5th Cir. Tex. Jan. 27, 1998), 132 F3d 1112, 5 Accom Disabilities Dec (CCH) P5-013, 39 Fed R Serv 3d (Callaghan) 1456.
[6] Stradley v. Cortez (3d Cir. Pa. 1975), 518 F2d 488, 20 Fed R Serv 2d (Callaghan) 515
[7] Masterwear Corp. v. Bernard, 298 A.D.2d 249, 250, 750 N.Y.S.2d 5 [2002];  see Connors, Practice Commentaries, supra, C3101:18A, at 35 ["The central inquiry in resolving disclosure requests [regarding settlement agreements] should focus on relevance"];  see generally Stiles v. Batavia Atomic Horseshoes, 174 A.D.2d 287, 292, 579 N.Y.S.2d 790 [1992], revd. on other grounds 81 N.Y.2d 950, 597 N.Y.S.2d 666, 613 N.E.2d 572 [1993]

knowledge of the Confidential Settlement Agreement, and no application for an in camera hearing has been made. Thus this Confidential Settlement Agreement is a secret agreement that could materially prejudice Defendant Vsus because the Plaintiff could have been made whole by it, or it could reduce the damages awarded, if any.

15. The Plaintiff took material steps to make the Confidential Settlement Agreement secret by getting a protective order and makes no mention of it in their pleadings. While this may not rise to the level of a Mary Carter Agreement, it certainly smacks of deception and duplicity because the Plaintiff now seeks full compensation, and any prudent jurist would be hard pressed to believe the Plaintiff went to the trouble of getting a Protective Order without receiving compensation. The fact that Plaintiff seeks full recompense without mentioning a likelihood of nothing less than mitigation of damages is deeply worrying.

16. While the Confidential Settlement Agreement is probably not a Mary Carter Agreement because the 2007 case was terminated, if the Plaintiffs' application is granted the Confidential Settlement Agreement would act as a secret agreement in assurance that the settlement parties own liability will be diminished by increasing the liability of the non-agreeing defendants, which is almost but not exactly a Mary Carter Agreement.

### IV.     QUASI-FORUM SHOPPING

17. On the eve of trial of the 2015 litigation, where the Plaintiff seeks recompense for the same exact notes which were already settled in the 2007 litigation, the Plaintiff now seeks to reopen the 2007 litigation to hedge their bet on an unsuccessful trial. The Plaintiff is forum

shopping. Its that simple. Why else move to reopen a litigation that was terminated 6 ½ years ago on the eve of trial for the same issues on the eve of the new trial.

### V.     DEMAND THAT THE 2015 TRIAL BE IMMEDIATELY DISMISSED

18. The Plaintiff seeks judgment for notes that were issued in 2003, 2004, and 2005. The Plaintiff instituted litigation in 2007, Defendant Vsus had an appearance on record, for greater or less effect, and the case was marked terminated; for whatever reason. The Plaintiff then instituted litigation against Defendant Vsus in 2015 for the same notes. The statute of limitations expired for all notes in 2011. The Plaintiff then was granted an exemption from the statute of limitations by pleading they could not serve Defendant Vsus. According to the record, Defendant Vsus appeared in the 2007 litigation and thus the irrefutably cannot claim he could not serve Defendant Vsus because they were already a part of the 2007 litigation. The Plaintiff must be estopped from claiming he could not serve Defendant Vsus (n.k.a. New Colombia Resources, Inc.) because Defendant Vsus had already appeared in a litigation for the same issues with the same Plaintiffs.

19. The 2015 litigation should be dismissed because the Plaintiffs cannot claim the exception from the statute of litigation for evasion and/or fraud because it was on record that Vsus appeared in a duplicative litigation. Plaintiffs are estopped from claiming they could not serve the Defendant by judicial record, and thus not eligible for the exception to the statute of limitations that expired 7 years ago.

20. In addition, the 2015 litigation must be dismissed because of res judicata. The Stipulation of Discontinuance in the 2007 litigation states a dismissal against all remaining defendants

with prejudice. The 2007 and 2015 litigations are identical and based upon the same notes and Plaintiff was compensated to settle the 2007 litigation. The case has been settled. Res Judicata - a matter that has been adjudicated by a competent court and may not be pursued further by the same parties.

21. The Court may be reluctant to dismiss the 2015 litigation in an application for the 2007 litigation, but the litigations, by the Plaintiffs own admission, are based upon the same notes, the same issues, with the same parties. It is the same case, literally.  Not to dismiss, given the recent admissions of the Plaintiffs, is a monumental waste of judicial resources and the Defendants resources to finish preparing for trial, fly witnesses in, put them in a hotel, and legal fees. To not dismiss the 2015 is to let the law interfere with reality.

*WHEREFORE*, the Defendant respectfully request this Honorable Court dismiss the instant application to reopen the 2007 litigation under Rule 60 (a) as Rule 60(a) is for clerical errors, and the Defedant demands a dismissal on the 2015 litigation on estopple and/or res judicata.

Yours, etc.,

*Marshal Shichtman, Esq.*
By: Marshal Shichtman Esq.
*Counsel for Defendants*
One Old country Road
Suite 360
Carle Pl., New York, 11514

Tel      (516) 741-5222
fax:     (516) 741-5212
email:   Marshal@lawMSA.com

**Table of Exhibits**

| Exhibit | Description |
|---|---|
| A | Stipulation of Discontinuance |
| B | Protective Order for Confidential Settlement Agreement |
| C | Vsus Technologies, Inc. Answer to Complaint |
| D | Second Amended Complaint |
| E | 2007 Docket |

**Table of Cases**

| Cases | Page |
|---|---|
| Weeks v. Jones (11th Cir. Ala. Nov. 22, 1996), 100 F3d 124, 36 Fed R Serv 3d (Callaghan) 416 | 3 |
| Matter of West Texas Marketing Corp., 12 F.3d 497, 504 (5th Cir. 1994) | 3 |
| In re American Precision Vibrator Co. (5th Cir. Tex. Jan. 20, 1989), 863 F2d 428, Bankr L Rep (CCH) P72607, 12 Fed R Serv 3d (Callaghan) 1428 | 3 |
| West Virginia Oil & Gas Co. v. George E. Breece Lumber Co. (5th Cir. La. June 4, 1954), 213 F2d 702. | 4 |
| Sherrod v. American Airlines (5th Cir. Tex. Jan. 27, 1998), 132 F3d 1112, 5 Accom Disabilities Dec (CCH) P5-013, 39 Fed R Serv 3d (Callaghan) 1456. | 5 |
| Stradley v. Cortez (3d Cir. Pa. 1975), 518 F2d 488, 20 Fed R Serv 2d (Callaghan) 515 | 5 |
| Masterwear Corp. v. Bernard, 298 A.D.2d 249, 250, 750 N.Y.S.2d 5 [2002]; | 5 |